Robert L. FIELDS et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA GOVERN-
MENT and Arthur E. Morrissette,
Defendants.

Civ. A. No. 2476–68.

United States District Court
District of Columbia.

May 1, 1969.

Thurmond L. Dodson, Washington, D.
C., for plaintiffs.

Thomas C. Bell, Asst. Corp. Counsel, for defendant District of Columbia Government.

Joel C. Wise, Washington, D. C., for defendant Arthur E. Morrissette.

## OPINION

HOLTZOFF, District Judge.

This is an action for an injunction against interference with an easement or a right of way. The action is brought by a group of property owners. The rear of their property faces the right of way. The defendants are the District of Columbia and a property owner, who has acquired the fee simple to the strip over which the plaintiffs have an easement and has also acquired a parcel of property on the other side of the roadway, on which he proposes to build an apartment house of the garden type as it is known in real estate parlance.

The right of way was created by a grant contained in a deed dated June 23, 1875 made by one Catharin A. Talburtt to E. H. Barnard. The right of way is over a strip 16 feet wide and running from a point on Nichols Avenue for approximately 670 feet to what was at that time private property but what is today Talbert Terrace. The deed provides that the strip of land is granted to a group of property owners as tenants in common for a private roadway leading to Nichols Avenue and for no other purpose whatever.

The right of way or roadway is perhaps a misleading and somewhat grandiose term to describe the 16 foot strip over which the easement exists. Running from Nichols Avenue to Talbert Terrace this strip is on a very sharp incline and forms in effect a precipice, the result being that it is impossible to drive a motor vehicle through the strip all the way from Nichols Avenue to Talbert Terrace. Plaintiffs' principal witness admitted on cross-examination that he never drove a car all the way across the right of way, even though he did drive an automobile. In addition the strip is overgrown with vegetation. There are grass, weeds, shrubbery and a number of large trees at various spots along the right of way. Moreover, through the years unknown persons have dumped dirt, debris, trash and the like at various points. The result is that the right of way is of very limited usefulness. It cannot be used for a continuous drive from one end to the other. Some portions of it have been used for limited purposes and that is all.

■ No attempt has been made by the plaintiffs or their predecessors, so far as the evidence shows, to clear any part of the right of way or to improve it in any way. Needless to say, it goes without saying that it is not paved and it is not even covered with gravel or small stones but is in a natural state. Nevertheless, the right of way exists over all of this strip and the plaintiffs must be deemed to have an easement of passing and repassing over it. No taxes have been paid on this strip since 1889. Several years ago the defendant Morrissette acquired a large parcel of property adjoining this strip on the other side from the property of the plaintiffs and plans to build an apartment house of the garden type as has been stated. He has also acquired the 16 foot strip by a tax deed made by the Commissioners of the District of Columbia on January 11, 1964. He has been granted permits to build the apartment house in question.

His project comprises also in addition to constructing the building, a widening of the 16 foot strip to 23 feet and paving most of it except a comparatively short section immediately adjoining Talbert Terrace. He proposes to place a number of parking spaces in the roadway in order to comply with the requirements of the District of Columbia that builders of apartment houses must supply a certain number of parking spaces for their tenants. Other parking spaces are to be supplied on other portions of the property not involved here.

It is clear that the plaintiffs will be directly benefited by this improvement because the strip that was heretofore

practically impassible will become a paved roadway practically all the way through, and naturally they will have the advantage of that improvement. The plaintiffs raise several objections, however, claiming that there are certain infringements of their easement by the proposed plans. The defendant proposes to broaden the roadway from 16 feet to 23 feet, adding to the 16 foot strip an additional strip which is part of his property. In those parts, however, of the proposed roadway that are to be devoted to parking spaces, since the parking spaces will take up 9 feet in width, the strip will be narrowed to 14 feet and that is claimed to be an encroachment on the easement. Technically that is correct. The defendant in turn, however, offers to confer upon the plaintiffs a right to use the entire 23 foot strip in lieu of their existing 16 foot strip.

The Court finds, however, that the entrance to two of the properties which today have an entrance on the 16 foot strip, namely property owned by the plaintiff Howard and property owned by the plaintiff Patterson, would be interfered with by the proposed parking spaces and the resulting narrowing of the passageway to 14 feet. There should be a sufficient shifting of the parking spaces proposed to be placed in the roadway in order not to interfere with the ingress and egress to these two pieces of property.

■ It is also claimed that a retaining wall which the defendant proposes to construct at the Talbert Terrace end of the 16 foot strip will encroach on it for several feet. The Court regards this as *de minimis* because there is no exit from the 16 foot strip to Talbert Terrace, there never has been and there is not intended to be. No actual or practical interference with the plaintiffs' rights would exist by reason of the retaining wall.

■ The plaintiffs have shown, as has just been indicated, that the defendant's project includes within its contemplation some encroachments on the easement possessed by the plaintiffs, an easement which by the way no one has ever fully used. However, as has been held time and time again, equity traditionally does not grant an injunction such as is prayed for here for purely technical or minor violations of someone's rights. Equitable considerations must play a major part in determining whether equitable relief should be granted. Equity jurisprudence differs from the law side of the courts, where it is sufficient to establish a technical violation of a right. This principle was summarized and applied some years ago by the Supreme Court in Hecht Co. v. Bowles, 321 U.S. 321, at 329, 64 S.Ct. 587, at 592, 88 L.Ed. 754, where the Court said:

"The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims."

■ As a matter of equity this Court reaches the conclusion that no such plenary or general injunction as is prayed for should be granted against the defendants. The Court will dismiss the complaint on the merits as against the defendant Morrissette on condition that he make the necessary adjustment of parking spaces in the proposed roadway so as not to interfere with access to the Howard and Patterson properties and also on condition that he convey to the plaintiffs a perpetual easement to use the entire proposed roadway 23 feet wide in lieu of the original 16 foot right of way.

■■ Insofar as the defendant District of Columbia is concerned, no cause of action has been established against it. The District of Columbia officials have not committed any act in violation of law nor is it shown that they contemplate doing so. The Building Depart-

ment of the District of Columbia Government in passing upon applications for permits is not a tribunal to determine titles to property or encumbrances on property. That is left to the courts. It passes only on the question whether the proposed plans and the applications for permits conform to the law. Accordingly, the complaint will be dismissed on the merits as to the District of Columbia.

No costs will be allowed to any party.